SO ORDERED.

SIGNED this 17th day of February, 2021.



_____
Dale L. Somers
United States Chief Bankruptcy Judge
_____

For online use but not print publication
# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| In re: | |
|---|---|
| Pinnacle Regional Hospital, Inc., et al., | Case No. 20-20219<br>Chapter 7<br>Jointly Administered |
| Debtors. | |
| Official Committee of Unsecured Creditors of Pinnacle Regional Hospital, Inc., et al., | |
| Plaintiff, | |
| v. | Adv. No. 20-06025 |
| Great Western Bank, | |
| Defendant. | |

Memorandum Opinion and Order
Granting in Part Great Western Bank's Partial Motion to Dismiss
and Granting the Trustee Leave to File an Amended Complaint

The matter before the Court is Defendant Great Western Bank's Partial Motion to Dismiss ("Motion").[1] The Motion seeks an order dismissing certain counts of the Complaint in the above captioned adversary proceeding,[2] as follows: Counts VII and VIII, attacking the extent of debts secured by deeds of trust and mortgages executed by Debtors Joy's Majestic Paradise ("Joy's") and Rojana Realty Investments, Inc. ("Rojana"); and Counts IX and X, seeking to avoid certain guarantor obligations of Joy's and Rojana as fraudulent conveyances. The Chapter 7 Trustee of Joy's and Rojana ("Trustee"), James A. Overcash, who succeeded to the claims of the Official Committee of Unsecured Creditors of Joy's and Rojana in this adversary proceeding when the jointly administered cases were converted from Chapter 11 to Chapter 7, opposes the Motion. Great Western Bank appears by Peter L. Riggs and Andrea M. Chase. The Trustee appears by Nicholas J. Zluticky. The Court has jurisdiction.[3]

---

[1] Doc. 8.

[2] The jointly administered Debtors in these cases are: Pinnacle Regional Hospital, Inc. (case no. 20-20219); Pinnacle Regional Hospital, LLC (case no. 20-20221); Blue Valley Surgical Associates, LLC (case no. 20-20222); Pinnacle Healthcare System, Inc. (case no. 20-20224); Rojana Realty Investments, Inc. (case no. 20-20225); and Joy's Majestic Paradise, Inc. (case no. 20-20227). The cases were voluntarily filed under Chapter 11 and later converted to Chapter 7.

[3] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that

## I. Background Facts

The Complaint alleges the following as the factual background from which Great Western Bank's claims against Joy's and Rojana arose. Beginning in 2017, Great Western Bank extended credit to various members of an affiliated group of primarily health care providers assembled by entrepreneur Douglas C. Palzer, including Debtors Pinnacle Regional Hospital, Inc, and Blue Valley Surgical Associates, LLC. On or about February 7, 2018, Great Western Bank provided loans to Debtors Joy's and Rojana, non-health care entities related to the health care entities through Mr. Palzer. The loan to Joy's, in the amount of $3,866,200, and the loan to Rojana, in the amount of $4,300,000, were secured by real property located in Kansas and Missouri. The mortgages and deeds of trust stated that the loan amounts of $3,866,200 and $4,300,000 were the maximum principal amounts secured.

In the fall of 2018, Debtor Pinnacle Healthcare System, Inc. was formed to acquire the sole member of what is now known as Pinnacle Regional

---

exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order No. 13-1, *included in* D. Kan. Rules of Practice and Procedure. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H) & (K). There is no objection to venue or jurisdiction over the parties.

Hospital, LLC, also referred to as Boonville Hospital. Great Western Bank agreed to loan $6,500,000 to finance the purchase (the "Acquisition Loan"). The security for the Acquisition Loan included cross guaranties by Joy's and Rojana. The mortgages and deeds of trust previously granted in favor of Great Western Bank were not amended.

The Chapter 11 petition filed by Rojana describes its business by NAICS code 6719, as "offices of holding company." Its assets are summarized as approximately $10,600,000 in real property and $2,262,000 in personal property, mostly accounts receivable. Secured claims are summarized as $6,433,000 and unsecured nonpriority claims as $874,000. The proofs of claims filed before the case was converted to Chapter 7 are in the aggregate amount of $17,191,000, of which $11,081,000 is claimed to be secured. Great Western Bank's proof of claim is for $14,360,000, of which $8,250,000 is claimed to be secured. In the Rojana case, the Chapter 7 Trustee gave notice of the claims bar date of April 25, 2021, after the briefing of this Motion was completed.[4]

---

[4] Case no. 20-20225, Doc. 50.

The Chapter 11 petition filed by Joy's describes its business by NAICS code 0212, as "beef cattle, other than feedlots."[5] Its assets are summarized as $9,591,000 in real property and approximately $8,000 of personal property. The summary of liabilities includes only secured claims totaling $3,613,000. Two proofs of claim in the aggregate amount of $14,549,000 were filed before the case was converted to Chapter 7, of which $6,351,000 was claimed as secured. Great Western Bank's proof of claim is for $14,360,000, of which $6,162,000 is stated to be secured. Like the Rojana case, in the Joy's case, the Chapter 7 Trustee gave notice of the claims bar date of April 25, 2021, after briefing of the Motion was completed.[6]

On April 23, 2020, an Agreed Order Granting Post-Petition Financing was entered in the jointly administered cases.[7] Great Western Bank agreed to the order. Among other things, the Agreed Order granted the Chapter 11 Trustee and the Unsecured Creditors' Committee of the jointly administered estates seventy five days to "investigate the validity, perfection and enforceability" of Great Western Bank's pre-petition liens and the "amount and allowability" of the Bank's claims. The Agreed Order expressly conferred

---

[5] The Court believes this is a mistake. It appears that the vast majority of the assets of Joy's, like those of Rojana, are real estate holdings.

[6] Case no. 20-20227, Doc. 49.

[7] Case no. 20-20219, Doc. 193, 18.

5

standing on the Unsecured Creditors' Committee to commence an adversary proceeding or contested matter challenging the interests of Great Western Bank. When converting the cases to Chapter 7, the Court, over Great Western Bank's objection, expressly ordered that upon conversion all causes of action asserted in the Complaint shall vest in the Chapter 7 Trustee.[8]

Counts VII and VIII of the Complaint seek a declaratory judgment that the debt secured by the mortgages and deeds of trust executed by Joy's and Rojana is limited to the principal amount of the February 7, 2018 loans, plus interest and attorney fees, and that cross collateralization provisions in the deeds of trust and mortgages are unenforceable. Counts IX and X seek to avoid the guaranties of the Acquisition Loan by Joy's and Rojana as fraudulent conveyances under 11 U.S.C. § 548 and § 542(b).[9]

## II. Analysis

### A. Standard for Dismissal

Great Western Bank moves to dismiss Counts VII through X under Federal Rule of Civil Procedure 12(b)(6).[10] The Rule tests the sufficiency of

---

[8] *Id.*, Doc. 385, 4.

[9] All future references in the text to Title 11 will be to the section number only.

[10] Rule 12(b)(6) is applicable in adversary proceedings via Federal Rule of Bankruptcy Procedure 7012.

the Complaint under Federal Rule of Civil Procedure 8(a)(2),[11] which states "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Compliance serves to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests."[12] The requirements of Rule 8 have been established by two decisions of the United States Supreme Court, *Iqbal*[13] and *Twombly.*[14] As construed by the Supreme Court, Rule 8 does not require "detailed factual allegations," but it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[15] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16]

---

[11] Rule 8 is applicable in adversary proceedings via Federal Rule of Bankruptcy Procedure 7008.

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[14] *Twombly*, 550 U.S. at 544.

[15] *Id.* at 555.

[16] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## B. The Trustee has standing to bring Counts VII and VIII

In Counts VII and VIII, the Trustee seeks declaratory rulings that the indebtedness secured by the deeds of trust and mortgages executed by Joy's and Rojana does not include the guaranties from the Acquisition Loan. Great Western Bank contends these claims should also be dismissed for lack of standing.

"In essence the question of standing is whether the *litigant* is entitled to have the court decide the merits of the dispute or of particular issues."[17] Here there is no question that the Trustee is entitled to have the Court determine whether the guaranties of the Acquisition Loan are secured by mortgages and deeds of trust Debtors previously granted to Great Western Bank. The Trustee has standing by virtue of prior orders in these cases. As noted above, in the stipulated post-petition borrowing order, Great Western Bank agreed that the Committee had the right to investigate the Bank's pre-petition liens and standing to initiate and prosecute an adversary proceeding challenging the liens. In the order converting the cases to Chapter 7, the Court ruled that upon conversion the claims asserted in this adversary proceeding vested in the Chapter 7 Trustee.

---

[17] *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (emphasis added).

8

Case 20-06025    Doc# 30    Filed 02/17/21    Page 8 of 16

Great Western Bank's challenge to Counts VII and VIII is not, however, really about standing. It is a fact-based argument that the claims should be dismissed because if the Trustee prevails, there will be no benefit to unsecured creditors other than Great Western Bank, who is alleged to be the only unsecured creditor. The Court rejects this basis for dismissal as premature. The Chapter 7 claims bar date is several months in the future. The identity and status of creditors, including administrative claimants, is undetermined. The value of Debtors' assets, the claims allegedly secured by those assets, and the extent the claims are undersecured is not known.

Counts VII and VIII shall not be dismissed for lack of standing.

### C. Counts IX and X sufficiently allege insolvency

Counts IX and X are claims to avoid guaranties of the Acquisition Loan executed by Joy's and Rojana as fraudulent conveyances under § 544(b) and § 548. The elements of both causes of action include the insolvency of the transferor. The Complaint alleges that if the relief sought is not granted, Joy's and Rojana "will have been rendered insolvent and under capitalized as a result of incurring the obligations under" the respective loan guaranties.[18] Great Western Bank contends that as to these Counts, the Complaint fails to adequately allege insolvency, such that they should be dismissed.

---

[18] Doc. 1 ¶¶ 127 and 132.

9

The Court rejects this contention. The Complaint gives notice that the Trustee asserts Debtors' insolvencies as a result of the guaranties of the Acquisition Loan. Great Western Bank therefore has notice of the date of the alleged insolvencies and the precise transactions from which the insolvencies allegedly resulted. The pleading requirements do not mandate more.[19] Whether insolvency of one or more of the Debtors will actually be established will turn primarily upon valuations, but the Trustee need not plead his allegations regarding valuations.

### D.  The § 544(b) Claims in Counts IX and X are deficient

Great Western Bank contends that the § 544(b) allegations of Counts IX and X should be dismissed because triggering creditors are not alleged. The Court agrees with the predicate of Great Western Bank's argument, that a Trustee may avoid a transfer under § 544(b) only if there was a triggering creditor in existence as of the commencement of the case who could have avoided the transfer under applicable law.[20] Great Western Bank contends that the allegations of Counts IX and X are deficient because they do include this element of the claims.

---

[19] *See Williamson v. Comcast Spotlight, L.P. (In re Social Networking Tech., Inc.),* No. 20-5036, 2020 WL 3813241, at *2 (Bankr. D. Kan. June 29, 2020).

[20] *See* 5 *Collier on Bankruptcy* ¶ 544.06[1] (Richard Levin & Henry J. Sommer, eds.-in-chief, 16th ed. 2020).

10

Case law is divided on the issue of the pleading requirement for § 544(b) claims. Great Western Bank cites cases from numerous courts requiring that a trustee must plead the existence by name of a creditor with standing to assert a state law fraudulent transfer claim.[21] The Trustee cites cases holding that at this stage of the proceedings, the Trustee is not required to identify the existence of a creditor who had the right to avoid the transfer under state law.[22] Neither party cites any Tenth Circuit cases.

The Court is not persuaded to follow the cases cites by the Trustee which hold that a complaint may be silent as to the existence of a qualifying unsecured creditor. Generally, the cases provide little, if any analysis and were decided before the pleading standards concerning plausibility were expressed in *Iqbal* and *Twombly*.[23] To the contrary, the primary case relied

---

[21] *E.g., In re Petters Co. Inc.*, 495 B.R. 887, 900-01 (Bankr. D. Minn. 2013).

[22] *E.g., In re APF CO.*, 274 B.R. 634, 639 (Bankr. D. Del. 2001).

[23] Three of the Trustee's cases fall within this generalization. The first case, *In re APF CO*, states:
> When analyzing the sufficiency of a complaint for purposes of Rule 12(b)(6), courts do not generally require a trustee to plead the existence of an unsecured creditor by name, although the trustee must ultimately prove such a creditor exists. *Fisher v. MRM Group, Inc. (In re Multi–Risk Mgmt., Inc.),* 1998 WL 566044, at *2 (Bankr. N. D. Ill. 1998) (trustee must not plead by name existence of creditors under § 544(b)) citing *Matter of Leonard*, 125 F.3d 543, 544 (7th Cir. 1997); *Askanase v. Fatjo*, 1993 WL 208682, at * 4 (S.D. Tex. 1993) ("Although the trustee at trial must establish the existence of an allowed claim that could have been avoided, the complaint need not outline all the elements of a § 544(b)

11

upon by Great Western Bank, *Petters*, was decided after *Iqbal* and *Twombly*, and holds:

> To plead his standing to sue [under § 544(b)] to set aside a transfer to any defendant as fraudulent under Minnesota law, the Trustee must identify by name, in his complaint, at least one unsecured creditor with a claim allowable against the estate whose standing he uses to sue that defendant, which creditor would have had the right to sue to avoid that transfer on the date that Debtor filed for bankruptcy relief.[24]

A case cited by the Trustee, *Madoff*,[25] also decided after *Iqbal* and *Twombly*, takes a middle ground, that a complaint is sufficient if it alleges the presence of such an unsecured creditor by category, but not by specific name.

In this case the Complaint is silent about the existence of unsecured creditors of Joy's and Rojana having the right under applicable state law to avoid the transfers. The Court therefore holds that the § 544(b) claims are

---

claim").
274 B.R. at 639. The case cited by the *APF* court from the Seventh Circuit Court of Appeals, *Matter of Leonard*, 125 F.3d 543, 544 (7th Cir. 1997), provides no rational for its statement.

The second case cited by the Trustee, *In re Image Worldwide*, 139 F.3d 574, 577 (7th Cir. 1998) merely cites *Leonard*. The third case, *In re Lexington Healthcare Grp., Inc.*, 339 B.R. 570, 576 (Bankr. D. Del. 2006) with little explanation, followed Delaware precedent.

[24] *In re Petters Co., Inc.*, 495 B.R. at 900–01.

[25] *In re Bernard L. Madoff Inv. Sec. LLC.*, 445 B.R. 206, 234 (Bankr. S.D.N.Y. 2011).

12

deficient. However, the Court leaves for another day the question of whether such a creditor must be identified by name or less specifically.

### E. Leave to file an amended Complaint

The Trustee requests that if the Court finds that the allegations of the Complaint insufficient, then he be permitted to file an amended Complaint under Federal Rule of Civil Procedure 15.[26] The Rule provides, "[t]he court should freely give leave when justice so requires."

The Court finds that leave is appropriate in this case. The adversary proceeding is in its early stages, and Great Western Bank will not be prejudiced. The Court rejects Great Western Bank's argument that leave should be denied because amendment would be futile; such a determination cannot be made based upon the record before the Court. **The Trustee shall have 35 days after the entry of this memorandum opinion and order to file an amended complaint.**

### F. The Trustee has standing to pursue Counts IX and X

Finally, Great Western Bank contends that Counts IX and X should be dismissed for lack of standing because there are no unsecured creditors of Joy's and Rojana who will benefit from avoidance under § 548 or § 544(b). The

---

[26] Rule 15 is applicable in adversary proceedings via Federal Rule of Bankruptcy Procedure 7015.

13

Case 20-06025 Doc# 30 Filed 02/17/21 Page 13 of 16

Trustee responds that benefit must be to the estate, not only unsecured creditors, and that when the benefit of avoidance actions goes to pay administrative expenses, the Trustee has standing to pursue the avoidance claims.

The Court rejects Great Western Bank's arguments for two reasons. First, as with respect to the arguments regarding standing to bring Counts IX and X, Great Western Bank's standing argument misconstrues the meaning of standing. With respect to Counts IX and X, like Counts VII and VIII, there is no question that the Trustee is a litigant entitled to have the Court decide the merits of the dispute. Prior orders in these cases establish the Trustee's standing to bring avoidance actions. Further, in the context of avoiding powers, the Tenth Circuit BAP has construed standing to mean statutory authority to bring an action.[27] The Trustee's claims in Counts IX and X are brought under two statutes, § 544 and § 548. Both begin with granting the case trustee authority to pursue avoidance actions. Section 544 begins, "The trustee shall have . . . the rights and powers of, or may avoid any transfer or any property of the debtor" that is voidable by specified creditors and purchasers. Section 548 begins, "The trustee may avoid . . . any transfer." In

---

[27] *Hansen v. Green Tree Servicing, LLC (In re Hansen)*, 332 B.R. 8 (10th Cir. BAP 2005) (holding that a Chapter 13 debtor lacks standing to bring a § 544 avoidance action).

14

reliance on the plain language of § 544, principles of statutory construction, and the Supreme Court's comparable interpretation of § 506(c) in *Hartford Underwriters*,[28] the Tenth Circuit BAP construed § 544 as conferring exclusive standing on the Chapter 13 trustee to bring an avoidance action.[29] When that analysis is applied to Counts IX and X, there is no doubt that the Trustee has statutory authority, or standing, to bring the avoidance actions.

Rather than focusing on the Trustee's authority to bring the claims, Great Western Bank examines the merits of the avoidance actions—whether there are any unsecured creditors who could benefit from avoidance.[30] In reliance on the schedules and filed proofs of claim, Great Western Bank asserts that there are none. Even if this argument did not miss the mark as to the meaning of standing, the Court would reject it for at least two fatal defects First, as pointed out by the Trustee, avoidance actions are brought for the benefit of the estate, not only unsecured creditors, and ability to pay

---

[28] *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000) (§ 506(c) begins, "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses. . .").

[29] *In re Hansen*, 332 B.R. at 16.

[30] Great Western Bank cites *Adelphia Recovery Trust v. Bank of Amer., N.A.*, 390 B.R. 80, 93-95 (S.D.N.Y. 2008), *aff'd* 376 F. App'x 10 (2nd Cir. 2010) and additional cases outside the Tenth Circuit.

15

administrative claims is a benefit to an estate.[31] Second, Great Western Bank's argument is premature. The Chapter 7 claims bar date has not expired, request for payment of administrative claims have not been submitted, and the extent to which claims alleged to be secured may in fact be partially unsecured is unknown.

III. Conclusion

For the foregoing reasons, the Court denies Great Western Bank's Motion as to Counts VII and VIII. The Court grants the Motion as to the § 544(b) claims in Counts IX and X. The Trustee is granted leave to amend his Complaint within 35 days of the entry of this memorandum opinion and order.

**It is so ordered.**

### ###

---

[31] *See In re C.W. Mining Co.*, 477 B.R. 176, 189 (10th Cir. BAP 2012), *aff'd* 749 F.3d 895 (10th Cir. 2014); *In re Furr's Supermarkets, Inc.*, 373 B.R. 691, 700 (10th Cir. BAP 2007).